1   SCHLICHTER, BOGARD & DENTON
    DANIEL V. CONLISK (Pro Hac Vice)
2   JERRY J. SCHLICHTER (054513)
    HEATHER LEA (Pro Hac Vice)
3   MARY L. PERRY (175911)
    100 South Fourth Street, Suite 900
4   St. Louis, MO  63102
    Telephone:  (314) 621-6115
5   Facsimile:  (314) 621-7151
    dconlisk@uselaws.com
6   jschlichter@uselaws.com

7   *Attorneys for Plaintiffs and Class Representatives*

8   FUTTERMAN & DUPREE LLP
    JAMIE L. DUPREE (158105)
9   160 Sansome Street, 17th Floor
    San Francisco, California 94104
10  Telephone:  (415) 399-3840
    Facsimile:   (415) 399-3838
11  jdupree@dfdlaw.com

12  *Local Attorneys for Plaintiffs and Class Representatives*

13

14

15             UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18

19  BEVERLY KANAWI and SALVADOR
    AQUINO, as representatives of a class of        Case No. C 06-05566 CRB
20  similarly situated persons, and on behalf of the
    Plan,                                           **[PROPOSED] ORDER
21                                                  GRANTING CLASS CERTIFICATION**
            *Plaintiffs*,
22
            v.
23                                                  Date:   March 2, 2007
    BECHTEL CORPORATION, THE BECHTEL               Time:  10:00 a.m.
24  TRUST AND THRIFT PLAN                           Ctrm:  8, 19th Floor
    ADMINISTRATIVE COMMITTEE, PAM
25  DAMSGAARD, and PEGGI KNOX,
                                                    Hon. Charles R. Breyer
26          *Defendants*.

27

28

                                    1

1    Based upon the Plaintiffs' Motion for Class Certification and supporting Memorandum,

2 Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification, Plaintiffs'

3 Reply, the entire record in this case, and the arguments of Counsel, the Court finds:

4    1.   Plaintiffs Beverly Kanawi and Salvador Aquino are participants in the Bechtel Trust

5 & Thrift Plan (the "Plan"). They properly pursue this action pursuant to ERISA §§ 502(a)(2) and

6 502(a)(3), for relief on behalf of the Plan and its participants and beneficiaries. *Massachusetts*

7 *Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985);  *Kayes v. Pacific Lumber Co.*, 51 F.3d

8 1449, 1462-63 (9th Cir. 1995).

9    2.   Defendants Bechtel Corporation, the Bechtel Trust and Thrift Plan Administrative

10 Committee, and Peggi Knox in their capacities as members of the Bechtel Trust and Thrift Plan

11 Administrative Committee (collectively "Defendants") are all alleged to be fiduciaries of the Plan

12 pursuant to ERISA §3(16)(A), 29 U.S.C. §1002(16)(A).

13    3.   The Plaintiffs seek to represent a class consisting of similarly situated participants and

14 beneficiaries of the Plan.

15    4.   Plaintiffs have shown that the prerequisites of Rule 23(a) of the Federal Rules of Civil

16 Procedure are met with regard to the proposed Class.

17    5.   The Class consists of at least 16,000 participants.  The Court finds that a class this

18 clearly satisfies the numerosity requirement of Rule 23(a)(1). *Whiteway v. Fedex Kinko's Office*

19 *and Print*, 2006 WL 2642528, at * 4 (N.D. Cal. Sep. 14, 2006).

20    6.   There are questions of law and fact common to the Class.  Those questions include:

21 (1) the identity and roles of the Plan's fiduciaries; (2) whether the Defendants/Plan fiduciaries

22 breach of their fiduciary duties; and (3) what is the appropriate Plan-wide remedy for such

23 breaches. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Aguilar v. Melkonian*

24 *Enterp., Inc.,* 2006 WL3199074, at * 3 (E.D. Cal.  Nov. 3, 2006); *Colesberry v. Ruiz Food*

25 *Prods., Inc.,* 2006 WL 1875444, at *3 (E.D. Cal. Jun. 30, 2006).

26    7.   The claims or defenses of the proposed representatives are typical of the claims or

27 defenses of the Class as a whole.  The factual underpinnings and legal theories advanced by

28 Plaintiffs apply to the Class as a whole.  In their Complaint, Plaintiffs make clear that they are

2

1  challenging, and seeking to remedy, fiduciary breaches committed not only in respect of

2  themselves as Plan participants, but against every Plan participant and the Plan as a whole.

3  Moreover, the recovery Plaintiffs seek will inure to the benefit of the Plan as a whole and thus

4  will benefit each participant and each member of the proposed Class. The Court finds that the

5  typicality requirement of Rule 23(a)(3) is thus satisfied. *Blackie v. Barrack,* 524 F.2d 891, 909

6  (9th Cir. 1975); *In re THQ, Inc. Sec. Litig.,* 2002 WL 1832145, at * 2 (C.D. Cal. Mar. 22, 2002);

7  *Weinberger v. Thornton,* 114 F.R.D. 599, 603 (S.D. Cal. 1986).

8      8.   The proposed Class representatives will fairly and adequately protect the interests of

9  the Class and that the requirements of Rule 23(a)(4) have been satisfied. The interests of the

10  named Plaintiffs are the same as, and do not conflict with, the other members of the Class.

11  Named Plaintiffs are participants in the Plan they seek to represent. They have been injured as a

12  result of the Defendants' fiduciary breaches and will continue to be injured as long as their

13  retirement savings remains in the Plan. Plaintiffs' attorneys are competent, experienced,

14  qualified, and able to vigorously prosecute this class action. *Amchem Prods v. Windsor,* 521 U.S.

15  591, 625 (1997); *Sullivan v. Chase Inv. Services of Boston, Inc.,* 79 F.R.D. 246, 258 (N.D. Cal.

16  1978).

17      9.   In addition to satisfying the requirements of Rule 23(a), Plaintiffs have shown that

18  they fulfill the requirements of at least one section of Rule 23(b) are met.

19      10.   Certification under Rule 23(b)(1)(A) and Rule 23(b)(1)(B) is appropriate. Rule

20  23(b)(1)(A) "considers possible prejudice to the defendants, while 23(b)(1)(B) looks to possible

21  prejudice to the putative class members."

22      11.   The failure to certify the proposed Class in this case will or could result in

23  inconsistent or varying adjudications with respect to the individual members of the Class, and

24  such inconsistent or varying adjudications will or could establish incompatible standards of

25  conduct for the Defendants. Certification under Rule 23(b)(1)(B) is therefore appropriate. Rule

26  23(b)(1) contemplates certification in circumstances like those here. *See* Rule 23 Advisory

27  Committee Notes, Fed. R. Civ. P 23(b)(1)(B)(1996 amendments) (Rule 23(b)(1)(B) was designed

28  to be used in "an action which charges a breach of trust ... by [a] ... fiduciary similarly affecting

3

1    the members of a large class of … beneficiaries."); *Kolar v. Rite Aid Corp.*, No. CIV.A. 01-1229,

2    2003 WL 1257272, at * 3 (E.D. Pa. Mar. 11, 2003).

3        12.     In addition, adjudications with respect to individual members of the proposed

4    Class would, as a practical matter, be dispositive of the interests of the other members not parties

5    to the adjudication or substantially impair or impede their ability to protect their interests.

6    Certification under Rule 23(b)(1)(A) is therefore also appropriate.

7        13.     Other courts have certified ERISA class actions, brought on behalf of an ERISA

8    plan and plan participants, involving breaches of fiduciary duty pursuant to Rule 23(b)(1)(A) or

9    (B), or both. *See, e.g., In re Polaroid ERISA Litig.*, No. 03 Civ. 8335(WHP), 2006 WL

10    2792202, at * 11 (S.D.N.Y. Sep. 29, 2006 ); *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 80

11    (E.D. Va. 2006); *In re Syncor Erisa Litigation,* 227 F.R.D. 338, 343 & 346 (C.D.Ca. 2005) *In re*

12    *WorldCom, Inc. ERISA Litig.*, No. 02 Civ.4816 DLC, 2004 WL 2211664, at * 3 (S.D.N.Y.

13    2004); *Banya v. Mazur*, 205 F.R.D. 160,165 (S.D.N.Y. 2002); *In re IKON Office Solutions*, 191

14    F.R.D. 457, 466 (E.D. Pa. 2000). *See also Kolar v. Rite Aid Corp.*, No. CIV. A. 01-1229, 2003

15    WL 1257272, at * 3 (E.D. Pa. Mar. 11, 2003).

16        14.     Because certification is appropriate pursuant to Rule 23(b)(1), the Court does not

17    reach Plaintiffs' alternative request for hybrid certification pursuant to Rule 23(b)(2) and (b)(3).

18        15.     The firm of Schlichter, Bogard & Denton is well-qualified to serve as Class

19    Counsel pursuant to Rule 23(g).

20        For all of the above reasons, and good cause shown, **IT IS HEREBY ORDERED** that

21    the Plaintiffs' Motion for Class Certification is hereby **GRANTED**. The Court certifies the

22    following Class:

23        All persons, *excluding the Defendants and other individuals who are or may be liable for*

24        *the conduct described in this Complaint,* who are or were participants or beneficiaries of

25        the Plan and who are, were, or may have been affected by the conduct set forth in this

26        Complaint, as well as those who will become participants or beneficiaries of the Plan in

27        the future.

28        **IT IS FURTHER ORDERED** that the firm of Schlichter, Bogard & Denton is appointed

4

1  as Class Counsel for the Plaintiff Class.

2       IT IS SO ORDERED.

3

4  Dated: _____, 2007

5                                By: _____

6                                      Charles R. Breyer
                                    Judge of the United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING CLASS CERTIFICATION
CASE NO. C 06-05566 CRB