SCHLICHTER, BOGARD & DENTON
JERRY J. SCHLICHTER (054513)
Daniel V. Conlisk (*Pro Hac Vice*)
Heather Lea (*Pro Hac Vice*)
100 South Fourth Street, Suite 900
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-7151
jschlichter@uselaws.com

FUTTERMAN & DUPREE LLP
JAMIE L. DUPREE (158105)
160 Sansome Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
jdupree@dfdlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BEVERLY KANAWI and SALVADOR AQUINO, <br><br> Plaintiffs, <br><br> vs. <br><br> BECHTEL CORPORATION, THE BECHTEL TRUST & THRIFT PLAN ADMINISTRATIVE COMMITTEE, and PEGGI KNOX, <br><br> Defendants. | Case No. C 06-5566 CRB (EDL) <br><br> **JOINT INITIAL DISCOVERY PLAN AND [PROPOSED] ORDER** <br><br><br><br><br><br> The Hon. Elizabeth D. Laporte |

Plaintiffs Beverly Kanawi and Salvador Aquino (collectively "Plaintiffs") and Defendants Bechtel Corporation ("Bechtel"), The Bechtel Trust and Thrift Committee (the "Committee"), and Peggi Knox (collectively, "Defendants") jointly submit this Joint Initial Discovery Plan following a Discovery Conference on May 10, 2007. The parties request the Court to adopt it as

its Initial Discovery Order in this case.

## I. PROPOSED INITIAL DISCOVERY PLAN

### A. Initial Fact Discovery

1. Initial discovery shall be limited to 2002 through 2006 until further order of the Court. Further, all discovery shall be subject to the terms of a protective order, the provisions of which the parties shall jointly submit to Judge Laporte on or before May 25, 2007.

2. Defendants shall respond to plaintiffs' outstanding document requests and interrogatories by Wednesday, May 30, 2007.

3. Defendants will produce documents sufficient to show both hard dollar and revenue sharing payments to all service providers, including documentation sufficient to show what services were rendered for each payment (e.g., invoices) (the "Total Fees Documentation") for the years 2002, 2003, 2004, 2005, and 2006. The Total Fees Documentation will be produced in monthly format to the extent such documents exist in that format. If a service provider did not bill the Plan on a monthly basis, Defendants will produce documents on a quarterly, annual or such other periodic basis as the Plan actually was billed. For this purpose, the Plan's providers include those persons and entities providing services in 2003-04 related to the substantial restructuring of the Plan. In addition, Defendants shall provide the agreements between the Plan or its sponsor and the Plan's providers (including Bechtel), excluding only attorneys and auditors, for the years 2002, 2003, 2004, 2005, and 2006. With respect to auditors and attorneys, Defendants shall provide Plaintiffs document sufficient to show the services provided by such auditors and attorneys for the payments received by them from the Plan for the years 2002, 2003, 2004, 2005 and 2006. Defendants also shall produce documents sufficient to show the process through which the Plan's service providers were selected, the monitoring of service providers' fees, and the negotiation of fees with service providers. Defendants shall produce documentation sufficient to show the process through which revenue sharing payments and commissions related to Plan asset investment were negotiated, monitored and tracked. Defendants will also produce the documents provided to the United States Department of Labor in connection with its 2005

1  audit of the Plan to the extent such documents relate to services rendered to the Plan in 2002,
2  2003, 2004, 2005 and 2006. Defendants shall further produce the documents upon which they
3  intend to rely in connection with their defense under ERISA Section 404(c). The documents
4  provided to the Department of Labor shall be produced to plaintiffs by May 29, 2007. All other
5  documents referenced in this paragraph shall be produced by June 15, 2007. Some of the
6  documentation described in this paragraph has already been provided to Plaintiffs by Defendants.
7  A statement that Defendants shall produce documents relating to a topic does not mean that such
8  documents necessarily exist or that, if existing, the documents are not excluded from production
9  under the time limitation referenced in Paragraph 1, above. Production of documents
10 contemplated in this paragraph that relate to, refer to or constitute legal advice is subject to a
11 limited waiver of any applicable attorney-client privilege that shall not extend beyond the
12 documents produced.

13     4.     Within 30 days after receipt of the documentation described in Paragraph 3 above,
14 Plaintiffs shall propose to Defendants approximately five to ten areas to focus the additional
15 discovery (the "Focus Topics"). Within fourteen days of receipt of Plaintiffs' proposal,
16 Defendants shall respond whether they accept the proposed Focus Topics or if they propose an
17 alternative. If Defendants do not agree to Plaintiffs' proposal, the parties shall meet and confer in
18 good faith in the next seven days. If the parties are unable to reach agreement, either party may
19 bring a motion to Magistrate Judge Laporte to define the Focus Topics for the initial discovery.

20     5.     The limitations on number of interrogatories and depositions imposed by the
21 Federal Rules of Civil Procedure shall not apply in this case. Either party may bring a motion for
22 a protective order at any time for relief from excessive or unwarranted interrogatories or
23 deposition discovery.

24     6.     Fact discovery shall close on March 15, 2008.

25 **B.**     **Initial Expert Discovery**

26 Initial experts shall be disclosed on April 15, 2008. Any rebuttal experts shall be
27 disclosed on May 15, 2008. Initial expert discovery shall close on June 15, 2008.

28 **C.**     **Motions to Test the Allegations of the Complaint**

1  Either party may file a motion for summary judgment/summary adjudication by August 1,
2  2008 to test the allegations of the Complaint, to be heard on September 5, 2008, or as soon
3  thereafter as the Court's schedule may permit.

## II. FURTHER CASE MANAGEMENT CONFERENCE

The parties propose that the Court hold a further case management conference 45 days after the ruling on the summary judgment/summary adjudication motion(s), if any allegations of the Complaint remain for trial. The parties shall submit a further Joint Case Management Conference Statement 7 days in advance of the Case Management Conference. That Statement shall propose a detailed discovery and motion plan to govern the remainder of the case.

Dated: May 30, 2007

SCHLICHTER, BOGARD & DENTON
Daniel V. Conlisk (admitted pro hac vice)
Jerome J. Schlichter - #0545143
Heather Lea (admitted pro hac vice)
100 South Fourth Street, Suite 900
St. Louis, MO  63102
Tel.: 314-621-6115
Fax: 314-621-7151

FUTTERMAN & DUPREE LLP

*Jamie L. Dupree (by D Ward Kallor)*

JAMIE L. DUPREE (158105)
160 Sansome Street, 17th Floor
San Francisco, California  94104
Telephone:  (415) 399-3840
Facsimile:  (415) 399-3838
E-mail:  jdupree@dfdlaw.com

*Attorneys for Plaintiffs and Class Representatives*

Dated: May 30, 2007

MORGAN, LEWIS & BOCKIUS LLP

*D. Ward Kallstrom*

D. Ward Kallstrom
Nicole A. Diller
Lisa S. Serebin
*Attorneys for Defendants*

[PROPOSED] ORDER APPROVING INITIAL DISCOVERY PLAN

The Joint Initial Discovery Plan is hereby adopted by the Court as the Initial Discovery Plan Order for this case.

The parties are hereby ordered to comply with this Order.

Dated: June 1, 2007

IT IS SO ORDERED
Judge Elizabeth D. Laporte

HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge

1-SF/7556805.1