IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY KANAWI, et al., | No. C-06-05566 CRB (EDL) |
| Plaintiffs, | **ORDER FOLLOWING IN CAMERA REVIEW** |
| v. | |
| BECHTEL CORP., et al., | |
| Defendants. | |

On July 1, 2008, following the hearing on Plaintiffs' Motion to Compel and Plaintiffs' Motion to Set Expedited Discovery Procedures, the Court issued an order requiring the Bechtel Defendants and Fremont to lodge sample documents for in camera review to determine whether the fiduciary exception to the attorney-client privilege applied to the thousands of documents listed on Defendants' privilege logs. The Court permitted the Bechtel Defendants to lodge fifteen documents from their privilege logs and Fremont to lodge ten documents from its privilege log (two documents from each of the five categories listed in Fremont's opposition to the motion to compel) as representative samples for the Court's in camera review. The Court also permitted Plaintiffs to choose the same number of documents (fifteen from the Bechtel Defendants' privilege logs and two from each of the five categories listed by Fremont in its opposition) for the Court's in camera review. The Court has reviewed the fifty sample documents and issues the following order addressing the majority of the documents submitted.

"As applied in the ERISA context, the fiduciary exception provides that 'an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against

United States District Court
For the Northern District of California

plan beneficiaries on matters of plan administration.'" See United States v. Mett, 178 F.3d 1058, 1063-64 (9th Cir. 1999) ("On the one hand, where an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries. On the other hand, where a plan fiduciary retains counsel in order to defend herself against the plan beneficiaries (or the government acting in their stead), the attorney-client privilege remains intact.") (quoting Becher v. Long Is. Lighting Co., 129 F.3d 268, 272 (2d Cir. 1997)); Fischel v. Equitable Life Assurance, 191 F.R.D. 606, 608 (N.D. Cal. 2000) (finding that attorney-client privilege fiduciary exception applied where defendant asserted the privilege against the ERISA plan's beneficiaries, but not where defendant requested advice from counsel regarding its efforts to protect itself from liability; ordering some papers, but not other papers to be produced). Fiduciaries have certain privileges, and the fiduciary exception does not apply when plan fiduciaries seek advice pertaining to personal liability of fiduciaries. See Mett, 178 F.3d at 1065 ("by agreeing to serve as a fiduciary, an ERISA trustee is not completely debilitated from enjoying a confidential attorney-client relationship"). The Mett court further rejected an expansive approach to the fiduciary exemption. See id.

In Fischel, the court applied Mett and stated that the fiduciary exception applies to communications relating to "plan administration by excluding from it any advice whose goal is to advise the trustee about the legal implications of actions and decisions undertaken while performing its fiduciary obligations." Fischel, 191 F.R.D. at 609. Specifically, the court read Mett as "endorsing a test that focuses on the intended recipient of the advice and the purpose for which it is sought." Id. Accordingly, the Fischel court applied the exception to require production of otherwise privileged documents: (1) intending to describe or communicate changes in plan benefits to beneficiaries; and (2) regarding the structure and design of the plan, including the plan's compliance with statutory obligations under the Internal Revenue Code. See id. at 610. The Fischel court denied production of documents under the exception with respect to documents showing the legal implications and potential liabilities in amending or designing the ERISA plan, and showing certain changes in benefits because the advice was given in anticipation of litigation. See id.

2

Keeping in mind the principles from <u>Mett</u> as interpreted in <u>Fischel</u>, the Court issues the following order on the majority of the fifty sample documents:

**Documents designated by Fremont Investment Advisors**

1. Category 1: Communications Between Fremont Employees and Fremont Counsel Regarding the Rights and Liabilities of Fremont

    a. Document 9: This document summarizes key components of the agreement between Fremont and the Bechtel Trust and Thrift Committee. This document is not subject to the fiduciary exception because the advice contained in the memo does not relate to the Plan benefits or changes thereto. This document is not subject to production.

    b. Document 85: This document is an e-mail exchange between Fremont's counsel and a Fremont executive regarding the agreement between Bechtel and Fremont. Because this document reflects an evaluation of the agreement as it relates to the Plan, it is subject to the fiduciary exception in that it relates to the structure and design of the plan. This document must be produced.

2. Category 2: Drafts of Communications Sent by Fremont Employees to Fremont Counsel but Not Sent Outside of Fremont

    a. Documents 67, 170: These documents are e-mails from a Fremont executive to Fremont's counsel attaching a draft of a letter to Peggi Knox at Bechtel. These documents need not be produced because they relate to legal advice regarding potential liability by Fremont.

3. Category 3: Communications Between Fremont Employees and FIA Counsel Regarding Contract Negotiations Between Fremont and PIMCO

    a. Documents 55, 64: Document 55 is an e-mail chain from David Hearth, Fremont's outside counsel, and Fremont's counsel Westover as well as a Fremont executive referring to changes made in the Fremont/PIMCO agreement. Document 64 is the actual draft agreement with attorney revisions. These documents relate to changes to the structure or design of a sub-advisory agreement, rather than the Plan itself, so the fiduciary exception does not apply. This document need not be produced.

4.     Category 4: Documents Reflecting Communications of Dechert LLP

    a.     Documents 18, 30: These documents are communications that include Dechert lawyer Robert Robertson that address any potential liability on the part of Fremont. Therefore, they are not subject to the fiduciary exception to the attorney-client privilege, and need not be produced.

5.     Documents Reflecting Communications with Attorneys of Thelen

    a.     Document 32: This document is a memo from attorney Foster, who was paid by the Plan, to the Chief Operating Officer of Fremont recommending revisions to the agreements between the parties. This memo addresses changes to the structure and design of the Plan to the extent the agreements among the parties are part of the Plan. Accordingly, this document is subject to the fiduciary exception and must be produced.

    b.     Document 203: This is a memo from attorney Foster to a Fremont executive regarding whether the Plan could bear Fremont's accounting services charges under certain circumstances. This document is in the nature of legal advice to Fremont regarding its potential liability, so it is not subject to the fiduciary exception. This document need not be produced.

**Fremont documents designated by Plaintiffs**

Plaintiffs designated three documents that Fremont had already included in its submission. The rulings on those documents, number 67, 18 and 30, are discussed above.

1.     Documents 173, 174: This memo relates to proposed changes in the Plan. Accordingly, the fiduciary exception to the attorney-client privilege applies, and this document must be produced.

2.     Document 217: This memo to in-house counsel describes observations and recommendations to the Plan 2002 audit, and also addresses fee structures through Fund A and task force. This document relates to Plan administration, so it is subject to the fiduciary exception and must be produced.

3.     Document 169: This document is identical to documents 67 and 170. Accordingly, as stated

4

|   |   |   |
|---|---|---|
| 1 |   | above, these documents need not be produced because they relate to legal advice regarding |
| 2 |   | potential liability by Fremont. |
| 3 | 4. | Document 42: This e-mail chain from a Fremont VIce-President to an executive assistant |
| 4 |   | and copied to in-house counsel Westover, addresses the consolidation of Bechtel's holdings |
| 5 |   | in PIMCO accounts. This document relates to plan administration rather than liability, and |
| 6 |   | so is subject to the fiduciary exception and must be produced. |
| 7 | 5. | Document 44: This e-mail to in-house counsel and others attaches the draft sub-advisory |
| 8 |   | agreement with Fremont and PIMCO. This relates to plan structure and design, therefore, it |
| 9 |   | is subject to the fiduciary exception and must be produced. |
| 10 | 6. | Document 200: This e-mail chain originating from outside counsel Foster to Bechtel and |
| 11 |   | Callen executives addresses approval of changes to managers of certain Funds and approval |
| 12 |   | of purchasing Fremont funds. This document goes to potential liability of Fremont, which |
| 13 |   | would not be subject to the fiduciary exception. This document need not be produced. |
| 14 | 7. | Document 252: This e-mail from outside counsel Foster to Fremont executives relates to |
| 15 |   | changes to the draft Investment Management Agreement with Barclays Global Investors. |
| 16 |   | Although the e-mail and the attached draft agreement are in the nature of plan administration, |
| 17 |   | there are also aspects of the document regarding potential liability. On balance, this |
| 18 |   | document addresses edits to the plan documents, rather than legal advice on the question of |
| 19 |   | the advisability of those changes. Therefore, the fiduciary exception applies to this |
| 20 |   | document and it must be produced. |

**Documents designated by Bechtel**

In connection with Plaintiffs' motion to compel, the Bechtel Defendants argued that the fiduciary exception does not apply in this case because the Bechtel Defendants are not trustees and the actual trustee, State Street Bank and Trust Company, is not a defendant. See Wachtel v. Health Net, Inc., 482 F.3d 225, 233 (3d Cir. 2007) (stating that Washington Star focused on trustees and did not consider whether exception would apply to other fiduciaries); Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Co., 543 F. Supp. 906, 909 (D. D.C. 1982) ("When an attorney advises a fiduciary about a matter dealing with the administration of an employees' benefits plan,

the attorneys' client is not the fiduciary personally but, rather, the trust's beneficiaries."). At the July 1, 2008 hearing, the Court rejected this argument. Even in light of that rejection, the Bechtel Defendants again raised the issue in their submission regarding privileged documents for <u>in camera</u> review, surprisingly without acknowledging that the Court had already ruled to the contrary. The Court will not revisit its decision on this issue. As stated at the hearing, the fiduciary exception is not limited to fiduciaries with the title of "Trustee."

1.  Category 1: Communications from Plan counsel to Committee

    a.  Document 1: This document is similar to Fremont's document number 203, such that document 203 appears to be a draft of document 1. As with document 203 above, document 1 is not subject to the exception and need not be produced.

    b.  Document 2: This letter from attorney Foster to the Committee regarding the fiduciary nature of the responsibilities of the Committee. This document is not subject to the exception, and need not be produced, because it addresses the liability of the Committee rather than plan administration.

2.  Category 2: Communications from Bechtel counsel to Committee

    a.  Document 3: This e-mail chain from Bechtel's in-house counsel Quazzo regarding the Fremont and Bechtel relationship. Because the document addresses possible liability of Bechtel or Fremont, it is not within the fiduciary exception and need not be produced.

    b.  Document 4: The redacted portion of this document addresses how costs to the plan are allocated and whether the charges can be paid by the plan. Although this document relates somewhat to the Committee's liability arising from proposed changes to the plan, it also largely addresses plan administration. On balance, this document should be largely unredacted and produced. Bechtel may redact the first two sentences of the fourth paragraph of CTRL_FT_00033683 (beginning "The Committee. . . ."), and the last sentence of that paragraph (beginning "We . . . .") Bechtel may also redact the last sentence of the third full paragraph of CRTL_FT_00033684 (beginning with "We . . . .").

3. Category 3: Communications from Bechtel counsel to Bechtel staff

    a. Document 5: This e-mail from attorney Quazzo forwards an e-mail from outside counsel regarding whether the plan complies with ERISA 404(c) disclosure requirements. Because this document addresses the liability of Bechtel, it is not subject to the exception and need not be produced.

    b. Document 6: This e-mail chain begins with an email from attorney Quazzo regarding outside counsel's advice regarding whether the Plan could pay for Bechtel in-house costs associated with administration of the Plan. Because this e-mail relates to Bechtel's potential liability, it is not subject to the exception and need not be produced.

    c. Document 7: This e-mail chain advises on the legality of a potential Plan investment. Although this document pertains to the structure and design of the plan, it also pertains to the potential liability of the entities. On balance, this document does not fall within the exception and need not be produced.

4. Category 4: Communications between Plan counsel and Fremont counsel

    a. Document 8: This document addresses counsel's response to several questions posed by Bechtel about management of the plan. Although this document presents a close question, the document is primarily focused on potential liability, so it is not subject to the exception and need not be produced.

    b. Document 9: These e-mails triggered the memo that is document 8. Because the e-mails are also focused on avoiding liability as described in document 8, this document is not within the exception and need not be produced.

5. Category 5: Communications between plan counsel and Bechtel counsel

    a. Document 10: This e-mail from attorney Quazzo to outside counsel relates to restructuring the plan and the Fremont/Bechtel relationship. This document addresses reducing liability. On balance, the document addresses reduction of liability. Therefore, the exception does not apply and the document need not be produced.

7

    b.    Document 11: This document, which was recently acquired by Bechtel, focuses on liability rather than plan administration, the exception would not apply and the document need not be produced.

    c.    Document 12: This letter contains legal advice regarding payment of fees from the Master Trust. Because this document addresses the potential liability of the entities, it is not subject to the exception and need not be produced.

    d.    Document 13: This memo from outside counsel addresses whether the plan may reimburse certain costs associated with the Plan, and if so, what requirements must be satisfied. Because this document contains legal advice regarding potential liability of a fiduciary, it is privileged and not within the fiduciary exception.

    e.    Document 14: This memo from outside counsel addresses the Committee's fiduciary duties in connection with the proposed changes to the Plan. This document contains legal advice regarding potential liability of a fiduciary, so it is not subject to the fiduciary exception and need not be produced.

    f.    Document 15: This document, which is similar to document 13 above, from outside counsel addresses the question of the appropriateness of charging the trust for the Plan for certain costs. Because this document contains legal advice regarding a fiduciary's potential liability, it is privileged and not within the fiduciary exception

**Bechtel documents designated by Plaintiffs**

In their submission of documents designated by Plaintiffs for <u>in camera</u> review, the Bechtel Defendants did not include any explanatory information regarding the documents because they read the Court's order as not authorizing such an explanation. The Court's order may have been ambiguous on this point. Therefore, no later than August 11, 2008, the Bechtel Defendants may file a brief explanation of the documents designated by Plaintiffs. Accordingly, the Court defers ruling on the application of the fiduciary exception to those documents.

**Conclusion**

With the Court's ruling on these sample documents, Defendants shall produce in good faith a revised privilege log for the documents that were not part of the Court's <u>in camera</u> review, no longer

8

withholding documents that fall within the fiduciary exception as construed and applied in this Order, because such claims of privilege have been overruled.

**IT IS SO ORDERED.**

Dated: August 6, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge