IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY KANAWI, et al., | No. C-06-05566 CRB (EDL) |
| Plaintiffs, | **ORDER FOLLOWING IN CAMERA REVIEW** |
| v. | |
| BECHTEL CORP., et al., | |
| Defendants. | |

On July 1, 2008, following the hearing on Plaintiffs' Motion to Compel and Plaintiffs' Motion to Set Expedited Discovery Procedures, the Court issued an order requiring the Bechtel Defendants and Fremont to lodge sample documents for in camera review to determine whether the fiduciary exception to the attorney-client privilege applied to the thousands of documents listed on Defendants' privilege logs. In the Court's August 6, 2008 Order Following In Camera Review, the Court gave the Bechtel Defendants leave to lodge a brief explanation of the documents designated by Plaintiffs for the Court's in camera review. This Order addresses the application of the fiduciary exception to the attorney-client privilege to those documents.

1. Document 1: The Bechtel Defendants have concluded that this document is not privileged and will produce it to Plaintiffs.

2. Document 2: This document is a memo to the Bechtel Thrift & Trust Committee containing legal advice from Bechtel's in-house counsel regarding the Committee's potential liability. This document is therefore not subject to the fiduciary exception and need not be produced.

3. Document 3: Plaintiffs designated only a portion of this e-mail chain (part of e-mail on page

CTRL_FT_0051381).  While some of the e-mail chain constitutes legal advice to the Committee, the designated e-mail on CTRL_FT_0051381 does not constitute legal advice and, even if it did, it would come within the fiduciary exception.  Therefore, the designated e-mail must be produced.

4. Document 4: Plaintiffs designated only a portion of this e-mail chain (part of e-mail on page CTRL_FT_0060648), which by itself is meaningless.  Other parts of the e-mail chain are not subject to the fiduciary exception.  Therefore, this excerpt need not be produced.

5. Document 5: This document was circulated among in-house and outside counsel as well as Bechtel representatives.  It contains comments, notes and discussion items regarding changes to the Plan, therefore, it is subject to the fiduciary exception and must be produced.

6. Document 6: This document was prepared by Bechtel counsel but concerns Plan operations/overall costs as divided between participants and Bechtel under different alternatives. This document is subject to the fiduciary exception and must be produced.

7. Document 7: Plaintiffs designated only a portion of this e-mail chain (part of e-mail on page CTRL_FT_0093381), which is meaningless by itself, and need not be produced.

8. Document 8: This document relates to plan administration, rather than potential liability.  Therefore, this document is subject to the fiduciary exception, and must be produced.

9. Document 9: This document is subject to the fiduciary exception and must be produced.

10: Document 10: The Bechtel Defendants have concluded that this document is not privileged and will produce it to Plaintiffs.

11. Document 11: This document involving attorney communications concerns potential liability of fiduciaries, rather than plan administration.  Therefore, the fiduciary exception does not apply and this document need not be produced.

12. Document 12: This document constitutes legal advice between Committee counsel, Bechtel staff and Committee members.  This document is not within the fiduciary exception because it concerns potential liability, rather than Plan administration.  Therefore, this document need not be produced.

13. Document 13: This document reflects changes to the Plan.  It is subject to the fiduciary

2

exception and must be produced.

14. Document 14: Plaintiffs designated only a portion of this e-mail chain (part of e-mail on page PRIV_ESI_00000320), which relates to changes to Plan administration, rather than potential liability, so the designated portion is within the fiduciary exception.

15. Document 15: This document relates to avoiding potential liability and need not be produced.

With the Court's ruling on these sample documents, Defendants shall produce in good faith a revised privilege log for the documents that were not part of the Court's <u>in camera</u> review, no longer withholding documents that fall within the fiduciary exception as construed and applied in this Order, because such claims of privilege have been overruled. The parties shall agree to a production deadline for documents contained in this Order and the Court's August 6, 2008 Order.

**IT IS SO ORDERED.**

Dated: August 13, 2008

*Elizabeth D. Laporte*

———————————————
ELIZABETH D. LAPORTE
United States Magistrate Judge

3