IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY KANAWI, ET AL.,<br><br>   Plaintiffs,<br><br>   v.<br><br>BECHTEL CORP., ET AL.,<br><br>   Defendants. | No. C 06-05566 CRB<br><br>**DISCOVERY ORDER** |

Defendants Bechtel Corp. and Fremont Investment Advisors, Inc. (FIA) object to Judge Laporte's order compelling production of certain documents pursuant to the fiduciary exception to the attorney-client privilege. For the reasons set forth below, Bechtel's objections are DENIED and FIA's objections are GRANTED IN PART AND DENIED IN PART.

Bechtel objects to Judge Laporte's order on three grounds, none of which are compelling. The thrust of Bechtel's objection is that application of the "fiduciary exception" in cases governed by the Employee Retirement Income Security Act of 1974 (ERISA) should be limited to advice provided to plan <u>trustees</u>. Bechtel's position is directly contradicted by the controlling case of <u>United States v. Mett</u>, 178 F.3d 1058 (9th Cir. 1999), in which the Ninth Circuit held that the exception applies to advice provided to "an employer acting in the capacity of ERISA fiduciary. . . ." <u>Id.</u> at 1063 (quoting <u>Becher v. Long Is. Lighting Co.</u>, 129

1  F.3d 268, 272 (2d Cir. 1997); see also id. at 1064 (using terms "trustee" and "plan fiduciary"
2  interchangeably).  Further, the fiduciary exception applies to trustees because trustees
3  represent beneficiaries of the trust and therefore, "at least as to advice regarding plan
4  administration, a trustee is not 'the real client' and thus never enjoyed the privilege in the
5  first place." Id.  Bechtel fails to explain why that rationale applies any less powerfully to
6  fiduciaries that, although not officially termed trustees, represent beneficiaries of the trust
7  with respect to plan administration.

8  Second, Bechtel contends that it cannot comply with Judge Laporte's order because of
9  the small sample size upon which it is based.  Bechtel requests a procedure for resolving
10 disputes over documents not clearly controlled by Judge Laporte's order compelling
11 discovery.  The appropriate procedure would be to submit any disputed document to Judge
12 Laporte for a ruling.

13 Third, Bechtel argues that Judge Laporte's order confuses settlor functions with
14 fiduciary functions by compelling Bechtel to turn over documents relating to "changes to the
15 Plan."  It is true that the fiduciary exception does not apply to those acts involving the
16 adoption, modification, or termination of an employee benefit plan.  See Wachtel v. Health
17 Net, Inc., 482 F.3d 225, 233-34 (3d Cir. 2007); see also Lockheed Corp. v. Spink, 517 U.S.
18 882, 885 (1996) ("Plan sponsors who alter the terms of a plan do not fall into the category of
19 fiduciaries. As we said with respect to the amendment of welfare benefit plans, '[e]mployers
20 or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt,
21 modify, or terminate welfare plans.' When employers undertake those actions, they do not
22 act as fiduciaries, but are analogous to the settlors of a trust.") (citation omitted).  However,
23 even though an employer is generally free to modify an ERISA plan, the employer may have
24 a fiduciary obligation to communicate the modification to its participants.  The Ninth Circuit
25 drew this distinction in Peralta v. Hispanic Business, Inc., 419 F.3d 1064 (9th Cir. 2005), in
26 which the court held that although an employer has the right to terminate an ERISA-
27 governed benefit plan, the plan administrator has a fiduciary obligation "to provide timely
28 notification to employees of termination of their benefits." Id. at 1071.

2

Bechtel challenges the disclosure of two documents that were intended to be distributed to plan participants to explain the restructuring of Bechtel's Trust and Thrift Plan. However, the attorney advice provided in these documents was intended to aid in the communication of information to plan participants, not to aid Committee members in actually modifying the Plan. Accordingly, Bechtel has not demonstrated that the documents are privileged.

Defendant FIA also objects to the disclosure of documents on the basis of attorney-client privilege. As a threshold matter, FIA argues that it is improper to apply the fiduciary exception to investment managers serving as fiduciaries for limited purposes. But like Bechtel, FIA fails to explain why the underlying rationale of Mett – that the fiduciary exception applies to trustees because trustees represent the beneficiaries – is any less applicable to an investment manager like FIA, which is also a fiduciary because it renders investment advice with respect to moneys in the Plan for a fee. See 29 U.S.C. § 1002(21)(A)(ii).

More particularly, FIA objects to the disclosure of document 85 on the ground that the communication is not subject to the fiduciary exception because it was made for the purpose of obtaining legal advice related to FIA's liability. Presumably, FIA seeks refuge in the Ninth Circuit's conclusion that the fiduciary exception does not apply to legal memoranda advising fiduciaries about their own liability, notwithstanding the fact that the legal advice may relate to the fiduciary's administration of the trust. See Mett, 178 F.3d at 1065. However, there is nothing about the communications set forth in document 85 that suggests the document was aimed at advising FIA officials "how far they were in peril." Id. at 1063 (citation omitted). Accordingly, Mett is inapposite.

The Court agrees with FIA that because document 44 relates to the structure of the sub-advisory agreement between FIA and PIMCO, document 44 need not be produced. However document 42 relates to the structure of the Bechtel Plan, and therefore must be produced.

3

FIA also objects to the disclosure of documents reflecting communications between FIA and attorneys at Thelen Reid & Priest.  As an example, FIA has submitted document 32, which is a memo from an attorney at Thelen to FIA's Chief Operating Officer recommending revisions to the agreement between FIA and Bechtel.[1]  The Court agrees with Judge Laporte that because document 32 concerns the structure of the Trust & Thrift Plan, the document must be produced pursuant to the fiduciary exception.  Further, although the document can be interpreted as providing advice that would help FIA avoid liability, the advice was provided in 2001, well "prior to any threat of suit. . . ." Mett, 178 F.3d at 1063.  Accordingly, the Court concludes that the attorney-client privilege does not remain intact with respect to document 32.

**IT IS SO ORDERED.**

Dated: September 3, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] In their brief, FIA highlights document 211 as a "representative" example of communications between Thelen and FIA. See FIA Objection at 8:19. However, FIA has not lodged document 211 with the Court, and the document cannot therefore be reviewed.