**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEVERLY KANAWI, et al.,

               Plaintiffs,

               v.

BECHTEL CORP., et al.,

               Defendants.

_____/

No.   C 06-05566 CRB (EDL)

**ORDER GRANTING PLAINTIFFS' MOTION TO SHORTEN TIME AND DENYING PLAINTIFFS' EMERGENCY MOTION TO COMPEL DEPOSITIONS OF DEFENDANTS' EXPERTS**

On September 5, 2008, Plaintiffs filed a letter brief entitled "Emergency Motion," regarding the parties' dispute over the depositions of Defendant Bechtel's experts, Stuart Lewis and Steven Grenadier, and a Motion to Shorten Time to hear that emergency motion no later than September 8, 2008. In their Emergency Motion, Plaintiffs contend that Defendant Bechtel improperly refused to produce Mr. Lewis for deposition on September 10, 2008 on the ground that Plaintiffs reserved their right to depose Mr. Lewis for a second time after service of a rebuttal report, if any, by Mr. Lewis on September 15, 2008. Therefore, Plaintiffs sought an order to compel Defendant Bechtel to produce Mr. Lewis for deposition on September 10, 2008 and again between September 17, 2008 and September 22, 2008 if he renders a rebuttal opinion. Plaintiffs also sought an order requiring Defendant Bechtel to produce Mr. Grenadier for deposition on a date between September 17, 2008 and September 22, 2008.

Pursuant to the Court's request, Defendant Bechtel filed a response letter and supporting documents on September 8, 2008, noting also that Plaintiffs did not formally notice Mr. Lewis' deposition until September 5, 2008. See Taylor Decl. Ex. A. The Court has carefully reviewed all

**United States District Court**
For the Northern District of California

1  the briefing on this matter and finds that it is appropriate for decision without oral argument or

2  further briefing.  For good cause shown, Plaintiffs' Motion to Shorten Time is granted.

3  Plaintiffs' reliance on In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,

4  2006 WL 3462580 (N.D. Cal. Nov. 29, 2006) in support of their motion to compel is misplaced.

5  The DRAM court considered a request to take a second deposition of an expert where the expert

6  disclosures were phased under the court's scheduling order, which did not provide for defense

7  rebuttal reports, and the defendants sought to take a second deposition after the expert submitted a

8  rebuttal report raising new conclusions.  Under those circumstances, and in the interest of fairness,

9  the DRAM court permitted the second deposition.  DRAM, however, does not counsel the same

10  result here where the court's scheduling order provides for simultaneous initial and rebuttal expert

11  reports, and where there is time to take Mr. Lewis' deposition before the close of discovery.

12  Accordingly, Plaintiffs' Emergency Motion to Compel Mr. Lewis' deposition is denied.  As

13  proposed by Defendant, Plaintiffs should either stipulation to briefly extend the deadline for rebuttal

14  reports or take Mr. Lewis' deposition after his rebuttal report is submitted on September 15, 2008.

15  Plaintiffs have not provided sufficient information to warrant an order regarding Mr. Grenadier's

16  deposition.  Therefore, Plaintiffs' motion to compel Mr. Grenadier's deposition is denied.

17  **IT IS SO ORDERED.**

18  Dated: September 8, 2008

19  _____

20  ELIZABETH D. LAPORTE
    United States Magistrate Judge

21

22

23

24

25

26

27

28