UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEVERLY KANAWI, et al.,

        Plaintiffs,

        v.

BECHTEL CORP., et al.,

        Defendants.
_____/

No.   C 06-05566 CRB (EDL)

**ORDER RE: PLAINTIFFS' SEPTEMBER 4, 2008 LETTER**

      On September 4, 2008, Plaintiffs filed a letter brief raising three discovery disputes. On September 8, 2008, Defendants Fremont and Bechtel filed letter briefs in response. The Court has carefully reviewed these letters and issues the following order.

1.    Deposition scheduling

      Plaintiffs raise several issues regarding deposition scheduling. With respect to the deposition of Fremont's expert Laura Starks, Fremont states that it told Plaintiffs' counsel that Ms. Starks was only available on September 4, 2008, and then not again until early October. Fremont was unreasonable in choosing an expert who was only available for one day during the remaining discovery period. Therefore, Fremont must make Ms. Starks available prior to the discovery cutoff, on a weekend if necessary, for her deposition.

      The parties should be able to take and defend at least a few depositions during the period that they are preparing briefs for summary judgment. The parties shall meet and confer regarding further deposition scheduling. The Court declines to compel Defendants to depose all of Plaintiffs' experts before September 19, 2008.

2.     Depositions by video conference

Plaintiff seek to take a limited number of depositions, including that of John Carter, by video conference. Fremont also raises the issue of a video conference deposition of Alexandra Kinchen. The Court agrees that depositions by video conference can be useful. However, the Court does not give Plaintiffs leave to unilaterally choose which depositions to conduct by video conference. Accordingly, Plaintiffs may take Mr. Carter's deposition by video conference, although the Court notes that Mr. Carter is being made available for an in-person deposition in San Francisco. Plaintiffs may not take Ms. Kinchen's deposition by video conference because, according to Fremont, English is not her first language, which could make a video deposition more confusing and lengthy.

3.     Depositions of Riley Bechtel and Alan Duchs

Riley Bechtel is CEO of Bechtel Corp.'s parent company, Bechtel Group. Alan Duchs is the President and CEO of Fremont Investors, Inc. Plaintiffs seek to depose these "apex" individuals, and Defendants have offered each deponent for half-day depositions. See Celerity, Inc. v. Ultra Clean Holding, Inc., 2007 WL 205067 (N.D. Cal. Jan. 25, 2007) ("Where a high-level decision maker "removed from the daily subjects of the litigation" has no unique personal knowledge of the facts at issue, a deposition of the official is improper. This is especially so where the information sought in the deposition can be obtained through less intrusive discovery methods (such as interrogatories) or from depositions of lower-level employees with more direct knowledge of the facts at issue.") (internal citations omitted); Zamora v. D'Arrigo Brothers Co. of Cal., 207 WL 806518 (N.D. Cal. Mar. 15, 2007) ("Courts are sometimes willing to protect high-level corporate officers from depositions when the officer has no first-hand knowledge of the facts of the case or where the officer's testimony would be repetitive. However, where a corporate officer has first hand-knowledge of important, relevant, and material facts in the case the deposition should be allowed.") (internal citations omitted).

Although Plaintiffs have made some showing that these deponents may have some knowledge of the underlying facts of this case, the Court declines to order full day depositions at this time. Plaintiffs may depose Mr. Bechtel and Mr. Duchs for four hours each, without prejudice to seeking additional time upon a showing that these deponents are more knowledgeable on relevant

matters than Defendants contend and that four hours is inadequate. Defendants should be prepared to allow these depositions to exceed four hours if appropriate.

**IT IS SO ORDERED.**

Dated: September 9, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge