UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEVERLY KANAWI, et al.,

        Plaintiffs,

        v.

BECHTEL CORP., et al.,

        Defendants.

_____/

No.   C 06-05566 CRB (EDL)

**ORDER RE: DEFENDANT FREMONT'S OCTOBER 10, 2008 LETTER**

        On October 10, 2008, Defendant Fremont filed a letter regarding a discovery dispute relating to Plaintiffs' responses to Fremont's written discovery. Plaintiffs filed a responsive letter on October 14, 2008. The Court has carefully reviewed the parties' letters. In their responsive letter, Plaintiffs also improperly appear to raise additional discovery disputes. If Plaintiffs believe the Court should address those issues, they should raise them in their own opening letter brief.

        First, Fremont argues that by filing their discovery responses one day late, Plaintiffs have waived any objections. See Fed. R. Civ. Proc. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged."). Plaintiffs respond that their late responses were due to a calendaring error. Because the calendaring error resulted in a delay of only one day, and Fremont has not shown that it suffered prejudice from that short delay, the Court concludes that Plaintiffs have not waived their objections.

Second, Fremont argues that Plaintiffs improperly responded to interrogatories by referring to business records because Plaintiffs did not specify where in the documents their answers could be found. See Fed. R. Civ. Proc. 33(d); Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp., 711 F.2d 902, 906 (9th Cir. 1983) ("A party may answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection. [citation omitted]. But the records must be specified 'in sufficient detail to permit the interrogating party to locate and identify, as readily as the party served, the records from which the answer may be obtained.'"). The parties did not provide copies of the interrogatories or of Plaintiffs' responses. Therefore, the Court expresses no opinion as to the merits of the interrogatories, for example, whether this discovery meets the standard for proportionality under Rule 26. As to the specificity requirement of Rule 33(d), however, a generally worded response such as the one cited by Fremont in its letter does not meet the Rule 33(d) standard. See Oct. 10, 2008 Letter at 2 ("For example, Plaintiffs 'designate the documents, testimony, discovery responses, pleadings and other information which their experts reviewed and upon which their experts relied, which are far too voluminous to replicate herein.'").

Third, Fremont argues that Plaintiffs have failed to produce any documents in response to Fremont's Requests for Production of Documents and that any objections have been waived. Plaintiffs do not directly address this issue in their October 14, 2008 letter. If Plaintiffs have not produced responsive documents, they should do so immediately. The parties shall meet and confer regarding production of documents in light of the Court's ruling regarding waiver with respect to interrogatories. If this matter is not resolved, the parties may each file a letter no longer than two pages setting forth their dispute in further detail.

**IT IS SO ORDERED.**

Dated: October 17, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge