UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEVERLY KANAWI, et al.,

        Plaintiffs,

        v.

BECHTEL CORP., et al.,

        Defendants.

No.   C 06-05566 CRB (EDL)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

On October 17, 2008, the Court held a hearing on Defendants' Motion for Protective Order. At the conclusion of that hearing, the Court ordered Plaintiffs' counsel to prepare a proposed order, and to meet and confer with opposing counsel regarding that proposed order before filing it. On October 20, 2008, Plaintiffs filed a proposed order without meeting and conferring with Defendants' counsel. On October 21, 2008, Defendants filed a letter objecting to Plaintiffs' proposed order and filed a competing proposed order. Also on October 21, 2008, Plaintiffs filed a letter stating their understanding that there was no requirement that the parties confer before filing the proposed order. The Court is troubled that there was no meet and confer prior to filing the proposed order given that the Court was clear on the record that such a conference should take place. However, in the interest of resolving this issue, the Court enters the following order.

For the reasons stated at the hearing, Defendants' Motion for Protective Order is granted in part and denied in part. Defendants sought a protective order against disclosure of ownership

information requested by Plaintiffs in their Rule 30(b)(6) deposition notice served on June 25, 2008. For purposes of discovery, the Court applies the restrictions on prohibited transactions, particularly in the case of self-dealing at issue here, broadly as instructed by the appellate courts, and accordingly orders some discovery on the ownership issue. See Leigh v. Engle, 727 F.2d 113, 123 (7th Cir. 1984) ("We do not believe that Congress intended the language 'use by or for the benefit of, a party in interest,' § 406(a)(1)(D), and 'deal . . . in his own interest,' § 406(b)(1), to be interpreted narrowly. The entire statutory scheme of ERISA demonstrates Congress' overriding concern with the protection of plan beneficiaries, and we would be reluctant to construe narrowly any protective provisions of the Act. . . ."); see also Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1468 (9th Cir. 1995) ("One of the reasons § 406 was included in ERISA was that 'Congress was apprehensive that exceptions to the common law rules against self-dealing were unduly eroding the underlying principle and included Section 406 as a barrier to such erosion.'").

Specifically, as discussed at the hearing, Defendants shall produce to Plaintiffs information sufficient to show the organizational structures in full, that is, the relationship between the companies at issue in this case. Defendants shall also produce information sufficient to show the ownership structure in the companies, and in particular the information shall be correlated as to who is related to Fremont Investment Advisors. The ownership information may be coded to protect the identity of the owners. All of this information shall be produced for the years 1998 to the present.

**IT IS SO ORDERED.**

Dated: October 22, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge