ELIZABETH HOPKINS, D.C. Bar # 405110
ROBERT L. FURST, D.C. Bar # 347211
U.S. Dept. of Labor, Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, N. W., Room N-4611
Washington, DC  20210
Telephone: (202) 693-5626, Facsimile:  (202) 693-5610
Email:  hopkins.elizabeth@dol.gov
        furst.robert@dol.gov

Attorneys for Proposed Intervenor, Secretary
of the United States Department of Labor

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BEVERLY KANAWI, ET AL.,<br><br>                    Plaintiffs<br>        vs.<br><br>BECHTEL CORPORATION , ET AL.,<br><br>                    Defendants | Civil Action No.<br><br>C 06-5566 CRB-EDL |

MEMORANDUM IN SUPPORT OF SECRETARY OF LABOR'S MOTION TO INTERVENE AND MODIFY PROTECTIVE ORDER

Pursuant to Rule 24(a)(1) of the Federal Rules Civil Procedure, the Secretary of Labor ("Secretary") of the United States Department of Labor ("DOL") has moved to intervene for the limited purpose of seeking to obtain the briefs and evidence presented to this Court on the parties' summary judgment motions.  The Secretary seeks these materials in order to determine whether to participate as *amicus curiae* if this case is appealed to the United States Court of Appeals for the Ninth Circuit, and to have access to relevant evidence should she decide to participate.

Rule 24(a)(1), Fed. R. Civ. P., provides for intervention of right when authorized by a federal statute:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute, . . . .

In an action like this one that alleges fiduciary violations of Title I of ERISA, ERISA § 502(h) gives the Secretary of Labor an unconditional right to intervene. Referring to the Secretary of Labor and the Secretary of the Treasury and Title I of ERISA, ERISA § 502(h) grants the Secretary of Labor an unconditional right to intervene in civil actions brought under that title:

> Either Secretary shall have the right in his discretion to intervene in any action, except that the Secretary of the Treasury may not intervene in any action under part 4 of this subtitle.

29 U.S.C. § 1132(h). Procedurally, intervention through Rule 24 is an established method by which a nonparty can seek to modify a protective order. E.g., Beckman Industries, Inc. v. International Insurance Co., 966 F. 2d 470 (9th Cir. 1992); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 777 (3rd Cir. 1994) (collects cases).

    The Secretary also has express authority to file amicus curiae briefs as of right in the United States Courts of Appeals. Fed. R. App. P. 29(a). The District Court's opinion in this case ruled on several important legal issues which the Secretary may want to address on appeal, assisting the Ninth Circuit's consideration of the ERISA issues presented.[1] Review of the arguments presented to this Court, and the evidentiary support for those arguments, is essential to her decision whether to participate, and to allow her to meaningfully address the issues if she does.[2] Accordingly, the Secretary requests

---

[1] For example, this Court ruled, in accordance with the DOL's regulation, that ERISA section 404(c), 29 U.S.C. § 1104(c), does not shield a party from liability for claims of imprudent selection of plan investment options. 590 F. Supp.2d 1213 (N.D. Cal. 2008). Clearly, the Secretary has a substantial interest in the interpretation and application of ERISA section 404(c) and DOL's regulation.

**Memorandum in Support of Motion to Intervene and to Modify**            **Page 2**
**Protective Order**

Case No. C 06-5566-CRB-EDL

1  modification of the protective order to obtain the briefs submitted to the court in support
2  of and in opposition to the parties' summary judgment motions, and the evidence the
3  parties cited in the briefs.
4      Concern about the privacy of the parties' business and pension plan information,
5  which supported the imposition of a protective order, is not an appropriate basis to
6  preclude the Secretary's access to the information requested.  The risk of competitive
7  harm from disclosure of sensitive commercial information, which may support a
8  protective order to ensure confidentiality as to private parties, has no application to the
9  Secretary.  The Secretary's interest is in compliance with the law, not economic advantage.
10 Review of the District Court's opinion indicates that the evidence presented to the court in
11 support of  the parties' motions for summary judgment is similar in nature to the
12 information the Secretary obtains in the course of investigating potential violations of law,
13 pursuant to the investigatory authority conferred by ERISA section 504(a), 29 U.S.C.
14 § 1134.  Accordingly, the Secretary respectfully requests that she be granted access to the
15 requested briefs and evidence, allowing her to pursue her statutory interest in compliance
16 with the requirements of ERISA.  See In re Film Recovery Sys., Inc., 804 F.2d 386, 388-
17 89 (7th Cir. 1986) (on finding of no "tangible prejudice" to existing parties, protective
18 order modified to permit nonparty state of Illinois access to protected materials relevant to
19 the state's investigation and litigation of environmental law claims); Wilk v. Amer. Med.
20 Ass'n, 635 F.2d 1295, 1301 (7th Cir. 1981) (protective order modified to allow intervenor
21 state of New York, plaintiff in a collateral antitrust suit, "access to all of the Wilk
22 discovery on the same terms as the Wilk plaintiffs"); United States v. GAF Corp., 596
23 F.2d 10, 15-16 (2d Cir. 1979) (protective order in private antitrust suit could be modified
24 to permit intervenor United States to enforce an antitrust civil investigative demand for
25 protected material, and the modification also could limit intervenor's use of protected
26 material); Roberts v. Heim, No. C-84-8069, 1989 WL 119063, *3 (N.D. Cal. Aug. 2,

---

28 [2] It is difficult to evaluate the legal issues in this case without access to the facts upon

1989) (on evidence that "failed to demonstrate that modification . . . would significantly prejudice [defendants'] rights, protective order was modified to allow nonparty Internal Revenue Service access to protected material).

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that this Court grant the Secretary of Labor's Motion to Intervene and Modify Protective Order.

Dated: May 4, 2009                              Respectfully Submitted,

                HILDA L. SOLIS,
                Secretary of Labor

                CAROL A. DE DEO
                Deputy Solicitor for National Operations

                TIMOTHY D. HAUSER
                Associate Solicitor, PBSD

                ELIZABETH HOPKINS
                Counsel for Appellate
                and Special Litigation

        BY:   /s/Robert L. Furst
                ROBERT L. FURST
                Senior Trial Attorney
                Plan Benefits Security Division
                Office of the Solicitor
                U.S. Department of Labor
                P.O. Box 1914
                Washington, DC  20013-1914
                Phone: (202) 693-5626
                Fax: (202) 693-5610

which the legal arguments are based.
**Memorandum in Support of Motion to Intervene and to Modify**        **Page 4**
**Protective Order**

**Case No. C 06-5566-CRB-EDL**

1

CERTIFICATE OF SERVICE

2

I hereby certify that on May 4, 2009, a copy of the foregoing

3

MEMORANDUM IN SUPPORT OF SECRETARY OF LABOR'S MOTION TO INTERVENE AND MODIFY PROTECTIVE ORDER

4

5 was filed electronically in this action.  Under General Order No. 45, Section IX.A, notice

6 of this filing will be sent to all parties by operation of the Court's electronic filing system.

7 Parties may access this filing through the Court's electronic filing system.

8

9

    /s/ Robert L. Furst
Senior Trial Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Case No. C 06-5566-CRB-EDL**