SCHLICHTER, BOGARD & DENTON
JEROME J. SCHLICHTER (054513)
HEATHER LEA *(Admitted Pro Hac Vice)*
MARK G. BOYKO *(Admitted Pro Hac Vice)*
100 South Fourth Street, Suite 900
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-7151
jschlichter@uselaws.com
hlea@uselaws.com
mboyko@uselaws.com

*Attorneys for Plaintiffs and Class Representatives*

FUTTERMAN & DUPREE LLP
JAMIE L. DUPREE (158105)
160 Sansome Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
jdupree@dfdlaw.com

*Local Attorneys for Plaintiffs and Class Representatives*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BEVERLY KANAWI and SALVADOR AQUINO, as representatives of a class of similarly situated person, and on behalf of the Plan,<br><br>*Plaintiffs*,<br><br>v.<br><br>BECHTEL CORPORATION, THE BECHTEL TRUST AND THRIFT PLAN COMMITTEE, PEGGI KNOX, and FREMONT INVESTMENT ADVISORS,<br><br>*Defendants*. | Case No. C 06-05566 CRB (EDL)<br><br>**FINDINGS AND ORDER VACATING PRIOR ORDER, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, AMENDING CLASS DEFINITION FOR SETTLEMENT PURPOSES, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, ESTABLISHING A QUALIFIED SETTLEMENT FUND AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**<br><br>Hon. Charles R. Breyer |

**FINDINGS AND ORDER VACATING PRIOR ORDER, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, AMENDING CLASS DEFINITION FOR SETTLEMENT PURPOSES, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, ESTABLISHING A QUALIFIED SETTLEMENT FUND AND <u>SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT</u>**

The prior Order of this Court, entered on October 22, 2010, (Doc. 798) is hereby vacated. This Order corrects the prior Order, *nunc pro tunc*.

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq. ("ERISA"), with respect to 401(k) Plans sponsored by Bechtel Corporation, specifically, the Bechtel Trust and Thrift Plan and the Becon Trust and Thrift Plan (collectively, the "Plans").

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants (the "Settlement"). The terms of the settlement are set out in a Class Action Settlement Agreement dated October 6, 2010 (the "Settlement Agreement") [Ct.Doc. 794-2], executed by the parties and their counsel. Capitalized words not defined in this Order shall have the meaning set forth in the Settlement Agreement.

The Court has preliminarily considered the Settlement to determine, among other things, whether to certify a class for settlement purposes only, and whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class. Upon reviewing the Settlement Agreement and motion papers relating to the request for preliminary approval of the Settlement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **<u>Class Findings</u>**: The Court amends its prior certification of the class to define the settlement class under Fed. R. Civ. P. 23(b)(1) in this litigation for settlement purposes only (the "Settlement Class") as follows:

> (a) all persons who, at any time between January 1, 1992 and September 30, 2010, inclusive, had an account with a positive balance in the Bechtel Trust and Thrift Plan or the Becon Trust and Thrift Plan including any beneficiaries, alternate payees or attorneys-in-fact who are or will become entitled to any portion of such an account; provided, however, that the Class shall not include: (b) any Defendant, or any member of the Bechtel Trust and Thrift Committee at any time between January 1, 1992 and September 30, 2010, and as to each person

within the scope of clause (b), his/her immediate family members, beneficiaries, alternate payees or attorneys-in-fact.

2. **Appointment of Class Representatives and Class Counsel**: The Court continues the appointment of the Class Representatives to represent the Settlement Class, and Schlichter, Bogard & Denton LLP as Class Counsel pursuant to Fed. R. Civ. P. 23(e) and (g).

3. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

   A. the proposed settlement resulted from extensive arm's-length negotiations;

   B. the Settlement Agreement was executed only after Class Counsel had conducted very substantial pre-settlement motion practice, taken extensive depositions, prepared a voluminous summary judgment motion with attachments, and responded to comprehensive separate motions for summary judgment by Defendants;

   C. Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and

   D. The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4. **Fairness Hearing**: A hearing is scheduled for February 18, 2011 (the "Fairness Hearing") to determine, among other things:

   A. Whether the Settlement Agreement should be approved as fair, reasonable and adequate;

   B. Whether the notice, publication notice and notice methodology was performed fairly as directed by this Court;

   C. Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved;

   D. Whether the motion for compensation to Class Representatives should be approved; and

  E. Whether the Administrative Expenses specified in the Settlement Agreement and requested by the parties should be approved for payment from the Settlement Fund.

  5. **Establishment of Qualified Settlement Fund:**  A common fund is agreed to by the parties in the Settlement Agreement and is hereby established and shall be known as the *Kanawi v. Bechtel Corporation* Litigation Settlement Fund (the "Settlement Fund").  The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treas. Regs. Section 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code.  The Settlement Fund shall consist of $18,500,000 and any interest earned thereon.  The Settlement Fund shall be administered as follows:

  A. The Settlement Fund is established exclusively for the purposes of:  (a)  making distributions to Class Representatives and Settlement Class Members as specified in the Settlement Agreement; (b) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (c) making payments of all Attorneys' Fees and Costs to Class Counsel and Compensation to Class Representatives as awarded by the Court in this action; and (d) paying employment, withholding, income and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order.  Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

  B. Within the time period set forth in the Settlement Agreement Defendants shall cause $18,500,000 to be deposited into the Settlement Fund.

  C. The Settlement Fund shall be a single qualified settlement fund within the meaning of Treas. Reg. Section 1.468B-1, et seq.  Any Defendant that has transferred money into the Settlement Fund shall timely furnish a statement to the

        Settlement Administrator that complies with Treas. Reg. § 1.468B-3(e)(2) (a "§1.468B-3 Statement"), which may be a combined statement under Treas. Reg. §1.468B-3(e)(2)(ii), and shall attach a copy of the statement to its federal income tax return filed for any taxable year in which such Defendant makes a transfer to the Settlement Fund.

D.    Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein.  Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for:  (1) their obligation to cause the Gross Settlement Amount to be paid no later than the date specified in the Settlement Agreement; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement.

E.    The oversight of the Qualified Settlement Fund shall be the responsibility of the Settlement Administrator.  The status and powers of the Settlement Administrator shall be as defined in the Settlement Agreement.

F.    The Gross Settlement Amount caused to be paid by Defendants into the Settlement Fund pursuant to the Settlement Agreement, and all income generated by that Amount, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person.  Upon the Settlement Effective Date, the Settlement Fund is irrevocable during its term and Defendants have divested themselves of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court,

|   |   |   |
|---|---|---|
| 1 |   | such approval is reversed or modified), the Parties shall be restored to their |
| 2 |   | respective positions in this Case as though the Settling Parties never executed the |
| 3 |   | Settlement Agreement; the terms and provisions of the Settlement Agreement and |
| 4 |   | this Order shall be void and have no force and effect and shall not be used in this |
| 5 |   | Case or in any proceeding for any purpose; and the Settlement Fund and income |
| 6 |   | earned thereon shall immediately be returned to the entity that funded the |
| 7 |   | Settlement Fund. |
| 8 | G. | The Settlement Administrator may make disbursements out of the Settlement |
| 9 |   | Fund only in accordance with the Settlement Agreement, this Order or any |
| 10 |   | additional Orders issued by the Court. |
| 11 | H. | The  Settlement Fund shall expire after the Settlement Administrator distributes |
| 12 |   | all of the assets of the Settlement Fund in accordance with the Settlement |
| 13 |   | Agreement, provided, however, that the Settlement Fund shall not terminate until |
| 14 |   | its liability for any and all government fees, fines, taxes, charges, and excise taxes |
| 15 |   | of any kind, including income taxes, and any interest, penalties or additions to |
| 16 |   | such amounts, are, in the Settlement Administrator' sole discretion, finally |
| 17 |   | determined and all such amounts have been paid by the Settlement Fund. |
| 18 | I. | The Settlement Fund shall be used to make payments to Settlement Class |
| 19 |   | Members under the Plan of Allocation set forth in the Settlement Agreement. |
| 20 |   | Individual payments to Settlement Class Members will be subject to tax |
| 21 |   | withholding as required by law and as described in the Class Notice and its |
| 22 |   | attachments.  In addition, all Court-approved Class Representatives' |
| 23 |   | Compensation, Administrative Expenses, and all Attorneys' Fees and Costs of |
| 24 |   | Class Counsel shall be paid from the Settlement Fund. |
| 25 | J. | The Court and the Settlement Administrator recognize that there will be tax |
| 26 |   | payments and withholding and reporting requirements in connection with the |
| 27 |   | administration of the Settlement Fund.  The Settlement Administrator shall, |

pursuant to the Settlement Agreement, (a) determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund.  The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund.  Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

K. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund.  Reserves may be established for taxes on the Settlement Fund income or on distributions.

L. The Settlement Administrator and Defendants shall provide to and exchange with each other such information as is required under the Settlement Agreement.

M. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions.  Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating, and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

N. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement

|   |   |   |
|---|---|---|
| 1 |   | Fund.  All accounts, books and records relating to the Settlement Fund shall be |
| 2 |   | open for reasonable inspection by such persons or entities as the Court orders. |
| 3 |   | Included in the Settlement Administrator's records shall be complete information |
| 4 |   | regarding actions taken with respect to the award of any payments to any person; |
| 5 |   | the nature and status of any payment from the Settlement Fund and other |
| 6 |   | information which the Settlement Administrator considers relevant to showing |
| 7 |   | that the Settlement Fund is being administered, and awards are being made, in |
| 8 |   | accordance with the purposes of the Settlement Agreement, this Order, and any |
| 9 |   | future orders of the Court. |
| 10 | O. | The Settlement Administrator may establish protective conditions concerning the |
| 11 |   | disclosure of information maintained by the Settlement Administrator if |
| 12 |   | publication of such information would violate any law, including rights to |
| 13 |   | privacy.  Any person entitled to such information that is denied access to the |
| 14 |   | Settlement Fund's records may submit a request to the Court for such |
| 15 |   | information.  However, the Settlement Administrator shall supply such |
| 16 |   | information to any claimant as may be reasonably necessary to allow him or her |
| 17 |   | to accurately determine his or her federal, state and local tax liabilities.  Such |
| 18 |   | information shall be supplied in the form and manner prescribed by relevant law. |
| 19 | P. | This Order shall be binding on any successor Settlement Administrator.  The |
| 20 |   | successor Settlement Administrator(s) shall have, without further act on the part |
| 21 |   | of anyone, all the duties, powers, functions, immunities, and discretion granted to |
| 22 |   | the original Settlement Administrator.  Any Settlement Administrator who is |
| 23 |   | replaced (by reason other than death) shall execute all instruments, and do all |
| 24 |   | acts, that may be necessary or that may be ordered or requested in writing by the |
| 25 |   | Court or by any successor Settlement Administrator, to transfer administrative |
| 26 |   | powers over the Settlement Fund to the successor Settlement Administrator.  The |
| 27 |   | appointment of a successor Settlement Administrator, if any, shall not under any |

circumstances require any Defendant to make any further payment of any nature into the Settlement Fund or otherwise.

6. **Class Notice:**  The Settling Parties have presented to the Court a proposed form of Class Notice and proposed form of Publication Notice, which are appended hereto as Exhibits 1 and 2, respectively.  The Court finds that these forms and the website referenced in the Class Notice fairly and adequately:

   A. Describe the terms and effect of the Settlement Agreement and of the Settlement;

   B. Notify the Settlement Class concerning the proposed Plan of Allocation;

   C. Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives and for Attorneys' Fees and Costs;

   D. Notify the Settlement Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

   E. Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

   F. Describe how the recipients of the Class Notice may object to any of the relief requested.

The Settling Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the Settlement Administrator shall:

   i. By no later than 75 days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through commercially reasonable means. Defendants shall use their best efforts to cooperate with the Settlement Administrator by providing the information required under the Settlement Agreement, including names, addresses, and social security numbers of

members of the Settlement Class to the extent they are reasonably available.  Such information shall be used solely for the purpose of providing notice of this Settlement and as required for purposes of tax withholding and reporting, and for no other purpose;

  ii. For any Class Notice returned as undeliverable, the Settlement Administrator shall utilize the provided social security number to attempt to determine the current address of the Person and shall mail notice to that address;

  iii. By no later than 68 days before the Fairness Hearing, cause the Publication Notice to be published in one edition of the *USA Today*; and

  iv. At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

The Court directs Class Counsel to:

  i. By no later than 75 days before the Fairness Hearing, cause the Class Notice to be published on the website identified in the Class Notice.

7. **<u>Objections to Settlement</u>**:  Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives may file an Objection.  Objections must be filed as described herein.  The objector must do the following: (A) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel.  The addresses for filing objections with the Court and service on counsel are as follows:

1  Clerk of the Court
   United States District Courthouse
2  450 Golden Gate Ave.
   San Francisco, CA 94102
3
   Schlichter, Bogard & Denton
4  Attn: Bechtel Corporation ERISA Settlement
   100 S. 4th Street, Ste. 900
5  St. Louis, MO  63102

6  Morgan, Lewis & Bockius LLP
   D. Ward Kallstrom
7  Jami Wintz McKeon
   One Market, Spear Street Tower
8  San Francisco, CA 94105
   Tel.  (415) 442-1000
9  Facsimile:  (415) 442-1001
   dwkallstrom@morganlewis.com
10 jmckeon@morganlewis.com

11 Paul, Hastings, Janofsky & Walker, LLP
   Grace Carter
12 55 Second Street, 24th Floor, San Francisco, CA 94014
   Tel: (415) 856-7015
13 Fax: (415) 856-7115
   gracecarter@paulhastings.com
14

15         The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on

16 the attorneys listed above and file it with the Court by no later than 30 days before the date of the

17 Fairness Hearing.  Any objection filed thereafter will not be considered.  If an objector hires an

18 attorney to represent him, her, or it for the purposes of making such objection pursuant to this

19 paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it

20 with the Court by no later than 30 days before the date of the Fairness Hearing.  Failure to timely

21 serve objections(s) on either the Court or Counsel shall constitute a waiver of the objection(s).

22 Except by special order of the Court, any member of the Settlement Class or other Person who

23 does not timely file and serve a written objection complying with the terms of this paragraph

24 shall be deemed to have waived, and shall be foreclosed from raising, any objection to the

25 Settlement, and any untimely objection shall be barred.  Any party wishing to file a response to

26 an objection must do so, and must serve the response on all parties, no later than 10 days before

27 the Fairness Hearing.

28

8. **Appearance at Fairness Hearing**:  Any objector who files and serves a timely, written objection in accordance with paragraph 7 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to speak at the Fairness Hearing must effect service of a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than 30 days before the date of the Fairness Hearing.  Except by special order of the Court, any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

9. **Claim Form Deadline**:  All valid claim forms must be received by the settlement administrator by January 19, 2011.

10. **Service of Papers**:  Defendants' counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

11. **Termination of Settlement**:  If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions as though the Settling Parties never executed the Settlement Agreement.

12. **Use of Order:**  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification.  This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper or unavailable.  This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not

1  limited to, any objections by Defendants to class certification in the event that the Settlement
2  Agreement is terminated.
3      13.   **Continuance of Hearing**:  The Court reserves the right to continue the Fairness
4  Hearing without further written notice.
5      SO ORDERED THIS __29__ day of October 2010.

6
7      _____
8      JUDGE  CHARLES R. BREYER

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FINDINGS AND ORDER VACATING PRIOR ORDER, PRELIMINARILY APPROVING PROPOSED
SETTLEMENT, AMENDING CLASS DEFINITION FOR SETTLEMENT PURPOSES, APPORVING FORM
AND DISSEMINATION OF CLASS NOTICE, ESTABLISHING A QUALIFIED SETTLEMENT FUND AND
SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT
13                              CASE No. C 06-05566 CRB/EDL