IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY KANAWI, et al., | No. C 06-05566 CRB |
| Plaintiffs, | **ORDER AWARDING ATTORNEYS' FEES AND COSTS** |
| v. | |
| BECHTEL CORP., et al., | |
| Defendants. | |

Plaintiffs brought this ERISA class action against Bechtel Corp. and Fremont Investment Advisors, asserting various claims in connection with the administration of a defined 401(k) contribution plan. The parties settled the dispute. The settlement provides an $18.5 million monetary fund for class members and potentially significant non-monetary relief. The Court has given final approval of the settlement. Dkt. 827.

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs. Dkt. 805. Plaintiffs seek an award of $6.1 million in attorneys' fees, $1,571,102.56 in litigation costs, and a $25,000 incentive award for each named Plaintiff.[1]

//

//

---

[1] Class Counsel's requested fee award of $6.1 million amounts to roughly one-third of the $18.5 gross settlement fund. Adding the projected non-monetary relief to the gross settlement fund, Class Counsel characterizes its $6.1 million fee award request to be less than 14% of the lowest estimated value and less than 5% of the highest estimated value of the settlement.

The Court finds that 30% of the net settlement fund (not to exceed $4,859,872.33) is an appropriate fee award in this case.[2] In addition, Class Counsel shall be awarded costs in the amount of $1,571,102.56. Each named Plaintiff shall be awarded a $7,500 incentive award.

## I.     ATTORNEYS' FEES

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Attorneys' fees provisions included in proposed class action agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate and reasonable.'" Staton v. Boeing Co., 327 F.3d 938, 964 (9th Cir. 2003) (internal citation omitted).

In "common fund cases," such as the present action, a court has discretion to award attorneys' fees as either a percentage of such common fund or by using the lodestar method. Id. at 967-968. In the Ninth Circuit, the "benchmark" for attorneys' fees in common fund class actions is 25% of the common fund. Id. at 968. "Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002).

The Ninth Circuit has looked to the following factors when determining what a proper percentage is for an award of attorneys' fees: (1) the results achieved; (2) the risks of litigation; (3) whether there are benefits to the class beyond the immediate generation of a cash fund; (4) whether the percentage rate is above or below the market rate; (5) the contingent nature of the representation and the opportunity cost of bringing the suit; (6) reactions from the class; and (7) a lodestar cross-check. Id. at 1048-52.

Applying these factors, the Court finds that an upward adjustment of the benchmark to 30% is warranted in this case.

---

[2] The net settlement fund is the gross settlement fund of $18.5 million less costs ($1,571,102.56), class representative compensation ($15,000), and total administrative expenses (currently estimated at $714,323).

2

### A. Results Achieved

Class Counsel obtained quality results. In November 2008, this Court entered its Order on summary judgment, granting judgment in favor of Defendants as to all claims save for one alleged prohibited transaction claim covering a four-month period. Class Counsel negotiated the settlement after it lost summary judgment, and they still obtained a meaningful recovery. This factor favors an upward adjustment to the benchmark.

### B. Litigation Risk

Class Counsel assumed a good deal of risk in bringing this suit against highly sophisticated parties. Uncertainty loomed throughout the litigation. This factors favors an increase in the benchmark rate.

### C. Non-monetary Relief

Class Counsel has secured non-monetary relief with the potential of bringing a large benefit to the class. According Plaintiffs' economist, the non-monetary relief will provide the class, in present value terms, roughly $46 million over five years and $126 million over fifteen years. This factor strongly favors an increase in the benchmark rate.

### D. Percentage Rate Relative to Market Rate

A 25% fee award is below the market rate for similar cases. The retainer agreements between Class Counsel and the named Plaintiffs provided that Class Counsel would receive roughly one-third of any recovery. However, as noted by the Ninth Circuit, retainer agreements alone, though somewhat probative of a reasonable rate, are not particularly helpful because retainer agreements do not involve, and are not binding, on the class. Id. at 1049. This factor favors an increase in the benchmark rate.

### E. Contingent Nature of Representation and Opportunity Cost

Class Counsel brought this claim on a purely contingent basis, agreeing to advance all necessary expenses, knowing that they would receive a fee only if there was a recovery. It is an established practice to reward attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing at all. See In re Washington Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1299 (9th Cir.

1994). Such a practice encourages the legal profession to assume such a risk and promotes competent representation for plaintiffs who could not otherwise hire an attorney. Id. Moreover, Class Counsel had to turn down opportunities to work on other cases to devote the appropriate amount of time, resources, and energy necessary to handle this relatively complex case. This factor supports an increase in the benchmark rate.

### F. Class Reaction

The fact that only five members out of a class of more than 40,000 objected to the proposed fee award of roughly one-third of the gross settlement fund further supports an increase in the benchmark. Presumably, even fewer class members would object to a fee award of 30% of the net settlement fund. This factor supports an increase in the benchmark rate.

### G. Lodestar Cross-Check

A lodestar cross-check also supports the reasonableness of increasing the benchmark rate. Class Counsel expended over 21,000 attorney hours while litigating this claim. Further, Class Counsel's reasonably blended attorneys' rate is $514.60 per hour. With these numbers, the lodestar would amount to roughly $10.8 million, well above the requested attorneys' fee of $6.1 million and the awarded amount of 30% of the net settlement fund.

* * *

On balance, the Court finds that the aforementioned factors support a fee award of 30% of the net settlement fund.

## II. LITIGATION EXPENSES

Class Counsel seeks reimbursement of $1,571,102.56 in litigation expenses they incurred while prosecuting this case. The Court finds that such expenses were reasonable and that the reimbursement of such expenses is appropriate.

## III. INCENTIVE AWARD

Class Counsel has asked this Court to reward each named Plaintiff an incentive award of $25,000. While some incentive award for the named plaintiffs is merited, $25,000 is too high. Given the infrequency with which plaintiffs in similar cases are held liable for paying

4

attorneys' fees and costs of defendants, the suggestion that the named Plaintiffs "risked a judgment against them for Defandants' costs to obtain this historic recovery" is unpersuasive. See Munoz v. UPS Ground Freight, Inc., No. C 07-00970 MHP, 2009 WL 1626376, at *6 (N.D. Cal. Jun. 9, 2009) (noting the small risk assumed by plaintiffs in bringing class suits). Each named Plaintiff shall receive an incentive award of $7500.

## IV. CONCLUSION

Class Counsel shall be awarded attorneys' fees equal to 30% of the net settlement fund (not to exceed $4,859,872.33). The percentage rate shall be applied after litigation expenses, all incurred and reasonably projected administrative costs, and the named Plaintiffs' incentive awards have been subtracted from the $18.5 million fund. Class Counsel shall be awarded costs in the amount of $1,571,102.56. Named Plaintiffs shall each be awarded $7500.

**IT IS SO ORDERED.**

Dated: March 1, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE